# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**AVIVA STAHL,**

*Plaintiff,*

v.

**U.S. DEFENSE INTELLIGENCE AGENCY,**

*Defendant.*

Civil Action No. 1:21-cv-02383-APM

## Motion to Treat Certain Allegations
## in Complaint as Admitted

Plaintiff moves that this court treat certain allegations in the complaint as admitted, specifically allegations 2, 3, and 8-39, because Defendants have failed to answer these allegations in the manner required by Federal Rule of Civil Procedure 8(b).

### PLEADING HISTORY

The Plaintiff, Ms. Stahl, brought this FOIA case to access records about human rights violations related to the War on Terror, committed on U.S. soil. The Defendant, U.S. Defense Intelligence Agency (DIA), has filed an Answer (ECF No. 3) to the Plaintiff's complaint (ECF No. 1). To 6 of the allegations in the complaint, DIA responded, "This paragraph contains

conclusions of law, to which no response is required." To 33 out of the 49 allegations in the Plaintiff's complaint, DIA responded with: "The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required."

DIA answered allegations 8-10, 12-22, 26-31, and 33-39 with only: "The allegations in this paragraph do not set forth a claim for relief or aver facts in support to a claim to which an answer is required." In response to allegations, 6, 7, 11, 23-25, and 32 (establishing the context for Plaintiff's FOIA request), DIA added that it lacked "knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph," on top of the statement that the allegations do not "forth a claim for relief or aver facts in support to a claim to which an answer is required."

DIA also answered allegations 2 (alleging subject-matter jurisdiction) and 3 (alleging proper venue) with "This paragraph contains conclusions of law, to which no response is required." DIA ends their answer with, "Defendant denies all allegations in the Complaint not expressly admitted or denied herein."

## **ARGUMENT**

The Plaintiff, understanding that the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and its progeny apply with equal force to FOIA litigation as it does to other civil litigation, provided a robust explanation of the facts surrounding her FOIA claim. *Citizens for Resp. & Ethics in Washington v. United States Dep't of Just.*, 922 F.3d 480, 487 (D.C. Cir. 2019). The allegations

in her complaint lay out "sufficient factual matter" to plausibly state a claim that the records she seeks exist and to describe what a sufficient search for records would entail. *Iqbal.* at 678.

Answers such as DIA's here would allow defendants to have their cake and eat it too—the freedom to move to dismiss when complaints do not meet the detailed requirements of *Iqbal*, while refusing to meet their obligations under the Federal Rule of Civil Procedure 8(b) to admit or deny those allegations.

## I.   Defendants must answer each allegation in a complaint in good faith.

The Federal Rules of Civil Procedure require a defendant to "state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it." Fed. R. Civ. Proc. 8(b)(1). Answers must be made in good faith. *See* Fed. R. Civ. Proc. 8(b)(3); *Taylor Energy Co. v. United States*, No. 20-1086 ( JDB), 2020 WL 6075693, at *5 (D.D.C. Oct. 14, 2020).

Rule 8(b) unambiguously requires one of three possible responses to an allegation in a complaint: (1) admit (2) deny (3) state that the party lacks knowledge to answer the allegation. Fed. R. Civ. Proc. 8(b); *see Joseph v. Ford Motor Co.*, No. 06-10274, 2009 WL 10680506 (E.D. Mich. Sept. 30, 2009).

If one of those responses is not given, Federal Rule of Civil Procedure 8(b)(6) requires that an allegation be "admitted if a responsive pleading is required and the allegation is not denied."

## II.   Legal conclusions require a response.

In response to the Plaintiff's allegations that this Court has subject matter jurisdiction and is the proper venue for these claims—allegations that the DIA does not appear to contest—the Answer reads that these allegations "contain[] conclusions of law, to which no response is required."

Bluntly, "This sort of answer violates the express Rule 8(b) requirement that all allegations must be responded to. Perhaps even more importantly, it disregards established law that legal conclusions are an integral part of the federal notice pleading regime." *Nichia Corp. v. Vizio, Inc.*, 2:16-CV-00875-JRG, 2017 WL 10442228, at *2 (E.D. Tex. Nov. 15, 2017) (internal citations omitted). *See also Forsythe v. First Fin. Inv. Fund Holdings, L.L.C.*, No. 2:19-CV-79-TAV-HBG, 2019 WL 3979642 (E.D. Tenn. Aug. 22, 2019); *Joseph v. Ford Motor Co.*, 2009 WL 10680506, at *2 (E.D. Mich. Sept. 30, 2009); *Farrell v. Pike*, 342 F. Supp. 2d 433, 440 (M.D.N.C. 2004), *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, Appendix (N.D. Ill. 2001) (compendium of most frequently encountered pleading errors) ("Another regular offender is the lawyer who takes it on himself or herself to decline to respond to an allegation because it 'states a legal conclusion.'"), *Lockformer Co. v. Engel Indus.*, No. 97 C 2088, 1997 WL 417460 (N.D. Ill. July 17, 1997) (unreported).

III. **All factual allegations must be admitted or denied if a defendant can do so with modest effort.**

To every substantive allegation that explains the context for this FOIA action or why the Plaintiff believes that records exist to be searched and produced, the DIA answers that "[t]he allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required."

This form of answer has no basis in the law. Federal Rule of Procedure 8(b) does not leave room for a defendant to make judgment calls about whether an allegation adequately supports a plaintiff's claim. Rule 12 provides a way for defendants to ask a court to make those sorts of calls. Rather, Rule 8 requires defendants to 1) admit allegations, 2) deny allegations, or 3) assert in good faith that they lack sufficient knowledge to admit or deny the allegations. Defendants have not done so.

Defendants also have a duty to exert a "reasonable effort" to obtain knowledge of a fact. *Djourabchi v. Self*, 571 F. Supp. 2d 41, 50 (D.D.C. 2008) (citing *Greenbaum v. United States*, 360 F. Supp. 784, 787 (E.D. Pa. 1973)). "In responding to the allegations of a complaint, a party may not deny sufficient information or knowledge with impunity, but is subject to the requirements of honesty in pleading. An averment will be deemed admitted when the matter is obviously one as to which a defendant has knowledge or information." *Clay v. District of Columbia*, 831 F. Supp. 2d 36, 46-47 (D.D.C. 2011) (internal quotations omitted).

Allegation 8 of Plaintiff's complaint asserted that a former FBI agent wrote a novel titled *The Black Banners*.[1] A quick Google search for this title reveals that this assertion is true. Similarly, another quick Goggle search would establish that agent did testify to Congress as described. *See Testimony of Ali Soufan*, May 13, 2009, available at https://www.judiciary.senate.gov/imo/media/doc/soufan_testimony_05_13_09.pdf. Other allegations concern information all well within the government's control, such as the docket in Mr. al-Marri's criminal trial.

---

[1] See Plaintiff's Complaint (ECF No. 1) for the relevance of this assertion.

Federal Rule of Civil Procedure 8(b)(6) requires that an allegation be "admitted if a responsive pleading is required and the allegation is not denied." Thus, a strict application of the Federal Rules requires treating Plaintiff's Allegations 2, 3, and 8-39 as admitted.

However, other courts, when faced with non-answer Answers have generally ordered defendants submit an amended answer. *See Nichia Corp. v. Vizio, Inc.*, 2:16-CV-00875-JRG, 2017 WL 10442228, at *2 (E.D. Tex. Nov. 15, 2017) (internal citations omitted). *See also Forsythe v. First Fin. Inv. Fund Holdings, L.L.C.*, No. 2:19-CV-79-TAV-HBG, 2019 WL 3979642 (E.D. Tenn. Aug. 22, 2019); *Joseph v. Ford Motor Co.*, 2009 WL 10680506, at *2 (E.D. Mich. Sept. 30, 2009); *Farrell v. Pike*, 342 F. Supp. 2d 433, 440 (M.D.N.C. 2004),  *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, Appendix (N.D. Ill. 2001) (compendium of most frequently encountered pleading errors), *Lockformer Co. v. Engel Indus.*, No. 97 C 2088, 1997 WL 417460 (N.D. Ill. July 17, 1997) (unreported). Such an approach may also be reasonable here.

### **CONCLUSION**

Because Defendants have failed to adequately respond to the complaint, this Court should grant Plaintiff's Motion to Treat Allegations 2, 3, and 8-39 admitted; or in the alternative, strike those portions of the answer and grant Defendant leave to amend their Answer.

Respectfully submitted,                         _/s/ Deborah M. Golden_____
                                                Deborah M. Golden, D.C. Bar #470578
                                                The Law Office of Deborah M. Golden
                                                700 Pennsylvania Ave. SE, 2nd Floor
                                                Washington, D.C.  20003
                                                Telephone: (202) 630-0332
                                                dgolden@debgoldenlaw.com

                                                *Counsel for Plaintiff*

Dated: December 7, 2021




## LOCAL RULE 7(m) STATEMENT

Counsel for the Plaintiff has discussed the issues described in this Motion on multiple

occasions with counsel for the Defendant. As of December 7, 2021 Defendant does not consent

to this Motion.

                                                _/s/ Deborah M. Golden_____